**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GARY L. MINNER,

Plaintiff - Appellant,

v.

DAYTON HUDSON
CORPORATION, doing business as
Target Store #906,

Defendant - Appellee.

No. 00-3389
(D.C. No. 99-CV-1131-DWB)
(D. Kansas)

ORDER AND JUDGMENT *

Before **SEYMOUR** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.    INTRODUCTION

In this diversity action, plaintiff Gary L. Minner sued defendant Dayton Hudson Corporation, doing business as Target Store #906 ("Target"), seeking to hold Target liable for the personal injuries he sustained when he slipped and fell while attempting to deliver periodicals, books, and related merchandise to Target in Garden City, Kansas.  The district court entered summary judgment in favor of Target on the basis that plaintiff was Target's statutory employee and therefore his exclusive remedy is under the Kansas Workers Compensation Act.  Plaintiff appeals and we affirm.

## II.    BACKGROUND

A winter storm occurred in Garden City the evening of April 13, 1997.  The next morning, at approximately 8:00 a.m., Mr. Minner arrived at Target's rear delivery area.  While making his second trip pushing a loaded cart, he slipped and fell on accumulated snow and ice.  Mr. Minner received workers compensation benefits from his employer, Anderson News Company, then filed this negligence action against Target.

Mr. Minner's delivery efforts were in accordance with a contract between Anderson News and Target.  Under the contract, Anderson News agreed to sell, deliver, and display periodicals for Target, following guidelines and procedures set by Target.  Plaintiff was responsible for driving a truck, delivering the

materials, and performing related physical activities. Another Anderson News employee stocked the display racks, removed dated issues, and stacked these issues for plaintiff to pick up on a return trip. Target has similar agreements with vendors of other items that can become outdated, such as food and soft drinks. Over ninety percent of Target's merchandise, however, is shipped to individual stores from Target's warehouse and is delivered, unloaded, and stocked by Target employees.

## III. DISCUSSION

In exchange for the liability-without-fault protection given to employees, the Kansas Workers Compensation Act immunizes employers from common law actions by injured employees. Workers compensation benefits constitute the employee's exclusive remedy against the employer. Kan. Stat. Ann. § 44-501(b). This immunity is extended to a principal "statutory employer" if a worker's immediate employer is under contract "to execute any work which is a part of the principal's trade or business." § 44-503(a). [1] A statutory employer is immune

---

[1] Section 44-503(a) provides, in pertinent part:

Where any person (in this section referred to as principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal

(continued...)

-3-

even when it is not liable for benefits because the worker is covered under the immediate employer's policy. *Robinett v. Haskell Co.*, 12 P.3d 411, 418-20 (Kan. 2000). The rationale is that the overall responsibility of the statutory employer for making sure its subcontractors are insured, and its latent liability for compensation if it fails to do so, is sufficient to maintain the immunity. *Id.*

The Workers Compensation Act is to "be liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both." § 44-501(g). The Act is to "be applied impartially to both employers and employees," *id.*, whether or not the result "is desirable for the specific individual's circumstances," *Mays v. Ciba-Geigy Corp.*, 661 P.2d 348, 368 (Kan. 1983).

The test to determine whether a principal is a statutory employer involves asking two questions:

---

[1](...continued)

> shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the worker under the employer by whom the worker is immediately employed.

(1) [I]s the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business? (2) is the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

*Bright v. Cargill, Inc* ., 837 P.2d 348, 356 (Kan. 1992) (quotation omitted; alteration in original). The two questions may overlap. *Id.* at 358. However, if either "is answered in the affirmative the work being done is part of the principal's trade or business, and the injured employee's sole remedy against the principal is under the [Workers] Compensation Act." *Id.* at 356 (quotations omitted).

There are close cases "'which in the abstract look as though they might be decided either way.'" *Id*. at 359 (quoting 1C Arthur Larson & Lex K. Larson, Workmen's Compensation Law § 49.16(j), at 9-105 to 9-106 (1991)). In these cases, the test is not "'whether the subcontractor's activity is *useful, necessary, or even absolutely indispensable* '" to the statutory employer's business. *Id.* It is whether the activity "'is, in that business, normally carried on through employees rather than independent contractors.'" *Id.*

This is a case that appears to be close in the abstract. Under the stipulated facts, however, it is evident that Target meets at least the second prong of the applicable test. According to the parties' stipulation:

Target acquires its merchandise for over 90% of its merchandise from the manufacturer which ships the merchandise to a Target

-5-

warehouse.  The merchandise is then shipped from the Target
warehouse to individual stores where the merchandise is unloaded
and stocked on the Target store display areas by Target employees.

Jt. App. at 53, ¶ 2.  Target, a retail business, normally makes its products available to customers by having its merchandise delivered, unloaded, and stocked by Target employees.

Because  the delivery of merchandise is part of Target's trade and business, Mr. Minner's sole remedy is under the Workers Compensation Act.  Mr. Minner, however, attempts to avoid this result by shifting     the focus to his own work duties and away from the contractual undertakings of Anderson News.  As he presents the facts, he was making an ordinary delivery for his employer, a vendor of periodicals.  From this viewpoint, he argues that, like the plaintiff in        *Bendure v. Great Lakes Pipe Line Co.*   , 433 P.2d 558, 564 (Kan. 1967), his delivery duties did not make him the statutory employee of the purchaser.

The facts of  *Bendure*  are not comparable.  In that case, the plaintiff, a truck driver, was injured when delivering and unloading steel I-beams at the buyer's worksite.  The plaintiff's employer and the defendant had never discussed the responsibility for unloading the steel.     *Id.*  at 562.  The plaintiff was not expected to take orders from the buyer; he was to cooperate only to the extent that he could get the truck back and on the road again.     *Id.*   Under those circumstances, the Kansas Supreme Court held that the plaintiff could bring a personal injury lawsuit

because the sale and delivery of merchandise does not result in a statutory employer relationship. *Id.* at 564. It noted, however, that this rule "is subject to the exception that when the contract to sell is accompanied by an undertaking by either party to render substantial services in connection with the goods sold, that party is a contractor within the meaning of the statute." *Id.*

The agreement between Target and Anderson News did include substantial services. In fact, the Anderson News supervisor described it in his deposition as a contract "to service" Target stores. Jt. App. at 93-94. Target requires certain magazines to be brought to the store and placed on the racks according to Target's diagram. Anderson News chooses additional materials to fill in remaining space on the racks. *Id.* Anderson News also "promotes sales by merchandising the product correctly and . . . pick[ing] up any old outdated product." *Id.* at 94.

Contrary to Mr. Minner's contentions, the *Bendure* holding does not control the outcome of this case. Instead, the well-established test set out above applies. Under that test, Target is Mr. Minner's statutory employer and therefore immune from suit. The district court's summary judgment ruling is in accordance with the Kansas Workers Compensation Act.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge